## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-60981-BLOOM/Valle

ULTIMATE FITNESS GROUP, LLC,
d/b/a Orangetheory Fitness,

      Plaintiff,

v.

KYLE ANDERSON and DAVID LOVELL**.**

      Defendants.

_____/

## ORDER ON MOTION TO AMEND COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Ultimate Fitness Group, LLC, d/b/a Orangetheory Fitness's ("Plaintiff") Motion for Leave to File its Second Amended Complaint, ECF No. [68] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I.   BACKGROUND

Plaintiff brought this action against Kyle Anderson ("Anderson"), David Lovell ("Lovell"), Rachel Felix ("Felix"), and Studio 3 Fitness LQA 1 LLC ("Studio 3") on May 1, 2018. ECF No. [1]. On June 14, 2018, the Court entered an Order Setting Trial and Pre-Trial Schedule, setting August 13, 2018, as the deadline for motions to amend pleadings. ECF No. [21]. All Defendants filed a motion to dismiss based on personal jurisdiction and venue on June 27, 2018. ECF No. [24]. On July 24, 2018, Plaintiff filed the First Amended Complaint. ECF No. [29]. All Defendants moved to dismiss the Amended Complaint on August 21, 2018. ECF No. [37]. On December 12, 2018, the Court granted the motion to dismiss in part and denied in

part, dismissing the claims against Felix based on lack of personal jurisdiction, dismissing the conspiracy claims for failure to state a claim, and dismissing the claims against Studio 3 for improper venue in this District.  ECF No. [57] ("December 12th Order").

Lovell and Anderson filed Answers to the Amended Complaint on December 21, 2018. ECF No. [59].  On December 28, 2018, Defendants filed a Motion for Judgment on the Pleadings.  ECF No. [60].  On January 18, 2019, Plaintiff filed the instant Motion.  The Motion seeks leave to amend the Amended Complaint to include a breach of contract claim against Lovell, a Stored Communications Act claim against Anderson and Lovell, and a conspiracy to violate Florida's Uniform Trade Secrets Act claim against Anderson and Lovell.  *See* ECF No. [68-1].  The Proposed Second Amended Complaint also seeks to add damages for unjust enrichment and disgorgement of profits.  *Id.* at 28.

## II.    LEGAL STANDARD

Leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "'In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.'"  *Diesel "Repower", Inc. v. Islander Investments Ltd.*, 271 F.3d 1318, 1321 (11th Cir. 2001) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "However, leave to amend is by no means automatic.  The decision to grant or to deny leave to amend is within the discretion of the trial court."  *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979).[1]  The Court has the inherent authority to control its own docket by entering orders setting the course of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

conduct for the proceedings in trial. *See Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994). Accordingly, "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). "This good cause standard precludes modification unless the schedule[d] [deadline] cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). A court properly denies a motion to amend a complaint based on a finding that plaintiff demonstrated a "lack of diligence in pursuing her claim" or exhibited "unexplained tardiness." *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241; *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004).

## III.   DISCUSSION

The deadline for Plaintiff to amend the pleadings was August 13, 2018. Plaintiff's Motion recognizes the untimeliness of its request more than four months after the deadline, but argues that good cause exists because (1) Defendants' jurisdictional challenges were not resolved until the Court ruled on December 12, 2018; (2) discovery "recently revealed" the factual basis for claiming that Defendant Anderson violated the Store Communications Act; (3) Defendant Lovell's Answer raises affirmative defenses for the first time; and (4) Anderson and Lovell's Motion for Judgment on the Pleadings assert pleading deficiencies for the first time.

Defendants argue that Plaintiff has failed to meet the good cause standard because Plaintiff has not demonstrated that it exercised diligence in seeking the amendment. Additionally, Defendants contend that they would be unduly prejudiced by an amended pleading at this stage. The Court agrees with Defendants.

First, the Court in unconvinced that Defendants' jurisdictional challenges warrant good cause.  Plaintiff argues that its "motion for leave to file its Second Amended Complaint only became ripe following the Court's December 12th Order."  ECF No. [68] at 3.  However, the good cause standard precludes modification of a Scheduling Order unless the schedule cannot be met despite Plaintiff's diligence.  Plaintiff certainly could have requested leave to amend its complaint prior to the Court ruling on the pending motion to dismiss.  Plaintiff failed to do so.

Second, Plaintiff argues that facts learned through discovery gave rise to Plaintiff seeking to assert a claim against Anderson for violation of the Stored Communications Act.  Specifically, Plaintiff contends that emails produced "well after the August 13 amendment deadline" serve as the basis for the claim against Anderson.  ECF No. [68] at 3.  But that Plaintiff learned of these at some point after August 13, 2018, does not explain why Plaintiff first sought to assert the new claim on January 1, 2019.  According to Defendants' Response, the emails that Plaintiff contends establish Anderson's involvement in violating the Stored Communications Act were produced to Plaintiff on September 21, 2018, and September 24, 2018. Moreover, Plaintiff used two of the produced documents at a deposition on September 27, 2018.  ECF No. [75] at 9-10.  Although Plaintiff may not have learned of the facts that purportedly establish a claim against Anderson until after the August 13, 2018 amendment deadline, Plaintiff's failure to seek leave to amend until months later — and within 25 days of the close of discovery – amounts to undue delay that precludes a finding of good cause.   *See Oravec v. Sunny Isles Luxury Ventures, L.C.,* 527 F.3d 1218, 1232 (11th Cir. 2008) (explaining that a plaintiff did not establish good cause by stating that it did not know about the jurisdictional defects of its claims until notified of those defects by the district court after the deadline for amending pleadings).

Third, the Court is unconvinced that Plaintiff should be permitted to file a Second Amended Complaint to address affirmative defenses raised for the first time in Lovell's Answer. Plaintiff's Motion does not provide any legal authority to support this argument. "The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan,* 714 F.2d 171, 177 (D.C. Cir. 1983). When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased. "[T]he onus is upon the parties to formulate arguments." *Resolution Tr. Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995). In any event, the Court finds that Plaintiff failed to exercise diligence, given that Lovell filed his Answer on December 21, 2018 and Plaintiff did not move for leave to amend the complaint until January 18, 2019.

Fourth, Defendants' Motion for Judgment on the Pleadings filed on December 28, 2019 does not provide a basis for Plaintiff to amend the complaint. Plaintiff claims that Defendants violated Fed. R. Civ. P. 12(g) by filing the Motion for Judgment on the Pleadings as the arguments asserted were available to Defendants when they filed their initial 12(b)(6) motion. The Court disagrees. Rule 12(g)(2) states, "[e]xcept as provided in Rule 12(h)(2) ... a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(g)(2) is expressly subject to Rule 12(h)(2), which allows parties to raise certain defenses, including the failure to state a claim upon which relief may be granted, by a motion for judgment on the pleadings under Rule 12(c). Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Defendant's motion for

judgment on the pleadings will not delay trial, which is scheduled for June 10, 2019.  As a result, Defendants may raise grounds for dismissal for failure to state a claim in their Motion for Judgment on the Pleadings that they did not raise in their 12(b)(6) motion.

The Court further finds that amending the Complaint at this time would be unduly prejudicial to Defendants.  Plaintiff waited until 25 days before the close of discovery to file the Motion.  An amendment to a complaint may be prejudicial "if the opponent would be required to engage in significant new preparation at a late stage of the proceedings, if the defendant would be put to added expense and the burden of a more complicated and lengthy trial, or if the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury."  *Dannebrog Rederi AS v. M/Y True Dream*, 146 F. Supp. 2d 1307, 1315 (S.D. Fla. 2001); *see also Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) ("granting the motion [for leave to amend] likely would have further delayed proceedings and prejudiced [defendant], which had completed discovery and would have had to conduct additional discovery…").  Here, Plaintiff seeks to assert new claims which would require additional discovery.[2]

## IV.    CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend Complaint, **ECF No. [68]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 29th day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court need not address Defendants' final argument that amending the complaint would be futile.

Case No. 18-cv-60981-BLOOM/Valle

Copies to:

Counsel of Record